Leroy CHITTY; et al., Plaintiffs—
Appellants,

v.

NYE COUNTY SHERIFF'S
DEPARTMENT; et al.,
Defendants—Appellees.

No. 01–17021.

D.C. No. CV–98–01715–KJD.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and
TASHIMA, Circuit Judges.

MEMORANDUM**

Leroy and Donna Chitty ("the Chittys") appeal pro se the district court's summary judgment in favor of defendants in the Chittys' 42 U.S.C. § 1983 action alleging the Nye County Sheriff's Department ("NCSD") and Auto World Towing ("Auto World") violated the Chittys' due process and equal protection rights by executing on a state court writ to confiscate their motor home without providing adequate notice and an opportunity to be heard. We have jurisdiction pursuant to 12 U.S.C. § 1291. We review de novo a grant of summary judgment, *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000), and we may affirm on any ground supported by the record, *Charley's Taxi Ra-*

dio Dispatch Corp. v. SIDA of Hawaii,
Inc., 810 F.2d 869, 874 (9th Cir.1987).

The district court properly granted summary judgment because the Chittys did not raise a genuine issue of material fact as to whether the Chittys received inadequate notice or opportunity to be heard. *See Radonbenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir.1975) (holding that a plaintiff's own inconsistent statements do not give rise to a genuine issue of material fact); *Brewster v. Bd. of Educ.*, 149 F.3d 971, 983–84 (9th Cir.1998) (setting the minimum standards for a constitutionally adequate opportunity to be heard).

Donna Chitty's community property interest in the motor home did not entitle her to any due process beyond that afforded Leroy Chitty. *See Randono v. Turk*, 86 Nev. 123, 466 P.2d 218, 224 (1970).

There can be no 42 U.S.C. § 1983 action based on an alleged violation of an automatic stay because the bankruptcy code provides an exclusive and comprehensive enforcement mechanism for such a violation. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981).

This court may not reconsider the state court's conclusion that the Chittys' motor home is not covered by a valid homestead exemption. *See Trevino v. Gates*, 99 F.3d 911, 923–24 (9th Cir.1996).

The Chittys' remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.